## CIRCUIT COURT OF BOTETOURT COUNTY

Town of Fincastle

    v.

Caleb Hall

October 29, 1979

Ended File No. 2332

By JUDGE ROSCOE B. STEPHENSON, JR.

The dispositive issue is whether, under the facts of this case, the Town of Fincastle has the power and authority to charge and collect from the defendant, Caleb Hall, a "minimum user" fee as set forth in its water ordinance.

Mr. Hall's property consists of a parcel of land situated within the town on which is located a pole barn. This barn is used exclusively for storage in connection with Hall's operation of an automobile and farm machinery sales agency known as Botetourt County Motors which is at a different location in the town. The barn has no plumbing, and Hall contends that he has no need for water on this property and does not want the town's water.

The town contends that Code § 15.1-875 gives it the authority to charge Hall with the minimum user fee, and, to support that contention, it relies upon the language in that section which provides that it "may charge and collect compensation for water thus furnished."

Hall contends that § 15.1-875 does not apply because he is not being "furnished" water by the town since his property is without plumbing, and no water is being consumed by him. He further contends that, even if the legislature intended for the section to be applicable to his factual situation, such an application of the statute would be unconstitutional.

If the town has the right and power to charge and collect compensation from Hall, it would likewise have the right to require the payment of a minimum user fee by the owner of vacant, unimproved land within the town. Clearly, this would be an abuse of its police powers, as it would have no reasonable relationship to the town's health and sanitary regulations. On the other hand, its sole purpose in such a case would be to produce revenue for the town. At the conclusion of its memorandum filed with the Court, the town asserts, "[t]he operation of the system must be based upon a sound fiscal and financial policy to which the municipality has responded in establishing the mandatory connection charges and mandatory user rates. Without the revenues derived from these sources, operation of the town water system would be a financial impossibility." While this statement has merit, the necessity for a sound fiscal and financial policy will never justify an unauthorized and unlawful charge by the town against a private citizen.

I hold, therefore, that, under the facts of this case, the town lacks authority to charge and collect the minimum user fee. Accordingly, judgment will be rendered in favor of Hall.